**Opinion filed August 11, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00294-CV

_____

### IN THE INTEREST OF A.L.R., A CHILD

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 8863-CX**

## MEMORANDUM OPINION ON REMAND

This is an appeal from an order in which the trial court terminated the parental rights of A.L.R.'s parents.[1]  The father filed an appeal, and on June 24, 2021, we affirmed the trial court's order of termination.  *See In re A.L.R.*, No. 11-20-00294 CV, 2021 WL 2584470 (Tex. App.—Eastland June 24, 2021) (mem. op.).  However, the Texas Supreme Court, on June 17, 2022, issued an opinion in which it reversed this court's judgment and remanded the cause to this court with instructions to address the remaining issue presented in Appellant's brief: Appellant's challenge to the trial

---

[1]We note that the mother voluntarily relinquished her parental rights.

court's finding "on Subsection (Q)." *In re A.L.R.*, No. 21-0658, 2022 WL 2183303, at *4 (Tex. June 17, 2022); *see* TEX. FAM. CODE ANN. § 161.001(b)(1)(Q) (West 2022). We again affirm the order of the trial court.

## I. *Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. To terminate one's parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (O) and (Q). However, the supreme court determined that the trial court erred when it concluded that the Department met its burden with respect to subsection (O). 2022 WL 2183303, at *4. With respect to subsection (Q), the trial court found by clear and convincing evidence that Appellant had knowingly engaged in criminal conduct that resulted in Appellant's conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date that the Department of Family and Protective Services filed its petition. The trial court also found that termination of Appellant's parental rights would be in the best interest of the child. *See* FAM. § 161.001(b)(2).

In the sole remaining issue in this appeal—Appellant's second issue, Appellant challenges the sufficiency of the evidence to support the trial court's finding under subsection (Q). Specifically, Appellant asserts that the evidence is insufficient to show that he would remain incarcerated for at least two years following the date that the applicable pleading was filed by the Department. Appellant appears to challenge both the legal and the factual sufficiency of the evidence.

Because this issue raises a challenge to the sufficiency of the evidence to support the trial court's findings on termination, we will apply the well-recognized standards of review previously set out by the Texas Supreme Court. *See, e.g.*, *In re A.B.*, 437 S.W.3d 498, 502–03 (Tex. 2014); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005); *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the trial court's finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d at 573. To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d at 25–26. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *A.B.*, 437 S.W.3d at 503 (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)).

## II. *Relevant Factual and Procedural Background*

The record shows that the Department became involved with the family in this case shortly after A.L.R. was born. Approximately nineteen months later, after the parties reached an agreement, the trial court entered a final order in which the Department was appointed as the permanent managing conservator of the child. The parents were appointed possessory conservators with limited rights.

Within nine months, the Department filed a petition to modify the trial court's prior order—based in part upon the changed circumstances of the parents. The mother had voluntarily relinquished her parental rights, and Appellant had been convicted of the offense of assault family violence. As a result of Appellant's conviction and imprisonment, the Department included in its petition to modify an

allegation under subsection (Q). The petition to modify was filed on December 12, 2019.

On November 16, 2020, the trial court conducted the final hearing on the petition to modify. At that time, Appellant was still incarcerated, but he testified that his projected release date was June 24, 2021—a date that would be less than two years from the date of the Department's petition. He acknowledged that he had already been denied parole once, but he testified that the issue of his potential parole was again being reviewed and that he probably would not learn anything further on the issue of parole until February 2021.

The permanency supervisor for the Department testified that she did not know "the earliest date of release or, you know, any of that information." However, the Department offered into evidence a certified copy of a judgment of conviction showing that Appellant pled guilty to the third-degree felony offense of assault family violence and was sentenced, on July 26, 2019, to a term of imprisonment for five years.

### III. *Analysis*

Pursuant to subsection (Q), the Department had the burden to prove by clear and convincing evidence that Appellant's criminal conduct "resulted in . . . confinement or imprisonment and inability to care for [A.L.R.] for not less than two years from the date of filing the petition." FAM. § 161.001(b)(1)(Q). The petition was filed on December 12, 2019; therefore, the Department had the burden to prove that Appellant would be confined or imprisoned until at least December 12, 2021. *See id.*; *In re H.R.M.*, 209 S.W.3d 105, 110 (Tex. 2006); *In re A.V.*, 113 S.W.3d 355, 360–61 (Tex. 2003). The Department proved that Appellant, in 2019, was sentenced to imprisonment for five years—a term of confinement well beyond two years from the date of the Department's petition. In support of his contention, Appellant relies

4

on his testimony about the date that he was projected to be released on parole—a date that fell within the two-year period after the Department's petition was filed.

The Texas Supreme Court has addressed the interplay of parole and subsection (Q), and it provides the following guidance:

> We recognize that a two-year sentence does not automatically meet subsection Q's two-year imprisonment requirement. In some cases, neither the length of the sentence nor the projected release date is dispositive of when the parent will in fact be released from prison. A parent sentenced to more than two years might well be paroled within two years. Thus, evidence of the availability of parole is relevant to determine whether the parent will be released within two years. Mere introduction of parole-related evidence, however, does not prevent a factfinder from forming a firm conviction or belief that the parent will remain incarcerated for at least two years. Parole decisions are inherently speculative . . . .

*H.R.M.*, 209 S.W.3d at 108–09. The supreme court further indicated that a party seeking termination on ground (Q) need not show that there is "zero chance of early release." *Id.* at 109. Under *H.R.M.*, we are not to focus solely on Appellant's testimony regarding his projected release date. *See id.* Instead, we must consider all of the evidence, including the time remaining on Appellant's five-year sentence as set forth in the judgment of conviction and the fact that Appellant had already been denied parole once, and we must give due deference to the trial court's fact findings. *See id.*

Upon doing so, we conclude that the evidence is both legally and factually sufficient to support the trial court's finding. Viewing all of the evidence in the light most favorable to the finding (legal sufficiency), we hold that a rational trier of fact could have formed a firm belief or conviction that Appellant knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for A.L.R. for not less than two years from December 12, 2019—the date that the Department filed its petition.

With respect to factual sufficiency, we must consider whether the disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. *J.F.C.*, 96 S.W.3d at 266. Here, giving due consideration to the evidence that the trial court could reasonably have found to be clear and convincing, we hold that the disputed evidence is not so significant that the trial court could not reasonably have formed a firm belief or conviction about the truth of the Department's allegation under subsection (Q). *See H.R.M.*, 209 S.W.3d at 109; *J.F.C.*, 96 S.W.3d at 266; *In re C.A.C., Jr.*, No. 09-10-00477-CV, 2011 WL 1744139, at *3 (Tex. App.—Beaumont May 5, 2011, no pet.) (mem. op.) (upholding (Q) finding and stating that there was no guarantee of release on parole and that a "projected release date, even in the absence of evidence of an adverse disciplinary record, is not evidence that appellant will be released on that date"). In *C.A.C.*, the court of appeals held that the parent's "projected release date falling twenty-two months after the filing of the petition is not so significant that the trial court could not reasonably disregard it." 2011 WL 1744139, at *3. We believe that the same holds true in the case before us. Accordingly, we overrule Appellant's second issue.

## IV. *This Court's Ruling*

Having previously overruled Appellant's issue related to the child's best interest and being instructed by the Texas Supreme Court to address the sole remaining issue in this cause, we affirm the trial court's order of termination.


W. STACY TROTTER

JUSTICE

August 11, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.